```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

RAYMOND LUIS AVILA, of the family
Avila Raymond Luis Avila Cestui Que
Trust,

                Plaintiff,

vs.                      Case No.   2:14-cv-326-FtM-29DNF

STEPHEN B. RUSSELL and DONALD MASON,

                Defendants.
_____

**ORDER OF DISMISSAL**

    This matter comes before the Court upon initial review of the file.  Plaintiff Raymond Luis Avila, who is proceeding *pro se*, initiated this action as a prisoner by filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1, Complaint) on June 11, 2014.  Plaintiff accompanied the filing of his Complaint with an incomplete motion for leave to proceed *in forma pauperis*.  See docket.  Because the Court finds this action subject to dismissal, the Court will not await the filing of a complete application to proceed as a pauper.

**I.**

    The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief."  See 28 U.S.C. § 1915A(a), (b)(1), (b)(2).  In essence, § 1915A is

a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. See also § 1915(e)(2). The standard that applies to dismissals under Fed. R. Civ. P. 12(b)(6) applies to dismissals under §1915A and § 1915(e)(2)(b)(ii). Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001); Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). Nonetheless, a complaint is subject to dismissal for failure to state a claim if

the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. 662, 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

**II.**

Plaintiff files this action pursuant to 42 U.S.C. § 1983 against Stephen Russell and Donald Mason, who he identifies as the State Attorney for the Twentieth Judicial Circuit Court and a State

Circuit Judge for the Twentieth Judicial Circuit. Complaint at 1. Under the "Statement of Claim" portion of the Complaint, Plaintiff lists 29 different violations ranging from "impersonating an officer in violation of oath of office," "breach of fiduciary duties," to "constructive treason," *inter alia*. See generally Complaint at 6.

According to the Complaint, on April 1, 2013, Plaintiff served defendants by certified mail with an "agreement" calling for Plaintiff's release from custody if the defendants failed to respond within 30 days. Id. at 9-10. Plaintiff asserts that defendants failed to respond and therefore consented to his release. Id. As relief, Plaintiff requests that the Court enforce the contract between the parties and issue his immediate release and/or vacate his criminal judgment. Id. at 7-8. In short, Plaintiff challenges his continued detention by the Secretary of the Florida Department of Corrections, but does not attack his criminal conviction, which was apparently entered in the Twentieth Judicial Circuit Court. See Complaint.

**III.**

Upon review, the Court finds this action subject to dismissal. Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants

deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).

Here, the Complaint is fatally flawed and subject to dismissal. Initially, the Court cannot conceive of any violation of federal law stemming from Plaintiff's allegation that he served defendants by certified mail with an "agreement" to which their failure to respond secured his release from prison.

To the extent Plaintiff pursues this action against defendants stemming from their involvement in his underlying criminal conviction, the defendants are entitled to immunity. While "[o]n its face, § 1983 admits no immunities," the Supreme Court has "consistently recognized that substantive doctrines of privilege and immunity may limit the relief available in § 1983 litigation." Tower v. Glover, 467 U.S. 914, 920 (1984). Both qualified and absolute immunity defenses bar certain actions. Id. To the extent Plaintiff sues the State Attorney, Stephen Russell, for his involvement in Plaintiff's criminal prosecution, the Complaint fails to state a claim because a prosecutor is entitled to absolute immunity from liability for actions undertaken in furtherance of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th

Cir. 2001). In determining whether prosecutorial immunity applies, courts look to "'the nature of the function performed, not the identity of the actor who performed it.'" Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (quoting Forrester v. White, 484 U.S. 219, 229 (1988)). "A prosecutor is entitled to absolute immunity for all actions he takes while performing [her] function as an advocate for the government." Rivera, 359 F.3d at 1353 (citing Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). Absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999)(citations omitted). The prosecutor Plaintiff names as a defendant in this action is clearly entitled to absolute prosecutorial immunity based on the allegations in the Complaint. See Smith v. Shorstein, 217 F. App'x 877 (11th Cir. 2007).

Similarly, judges are also absolutely immune from civil liability under 42 U.S.C. § 1983 for any acts performed in their judicial capacity, providing such acts are not done in clear absence of all jurisdiction. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing Stump v. Sparkman, 435 U.S. 349, 356-357) (1978); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996)); see also Mireles v. Waco, 502 U.S. 9, 12-13 (1991). "This immunity applies even when the judge's acts are in error, malicious, or were

in excess of his or her jurisdiction." Bolin, 225 F.3d at 1239 (citing Stump, 435 U.S. at 356). To the extent that Plaintiff pursues this action against Defendant Mason based on actions the judge took within the scope of his judicial authority, absolute judicial immunity precludes Plaintiff's civil action against Defendant Mason.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The § 1983 Complaint is **DISMISSED** pursuant to either 28 U.S.C. §1915A(b)(1)-(2) or 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim.

2. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __16th__ day of June, 2014.

*[signature: John E. Steele]*

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

sa: alr

Copies: All Parties of Record